ROBERT HALL, ET AL., *v.* LEWIS HARRIS'S ADM'R.

**Administrator—Decedent's Real Estate.**

    An administrator has no control over the land of his decedent; such land descends to the heirs, and when one of the heirs is indebted to the decedent his interest in such land is liable to be sold to pay such indebtedness.

**Creditors of Heirs.**

    Where there is personal property in the hands of an administrator, in which an heir has an interest, the creditors of such heir may subject it to their claims after such interest is charged with indebtedness due the estate from such heir; and if there is not sufficient personal property the creditors may have his interest in the real estate sold to pay their claims.

APPEAL FROM BULLITT CIRCUIT COURT.

October 5, 1875.

OPINION BY JUDGE PRYOR:

The note of John L. Harris constituted a part of the personal assets of Lewis Harris in the hands of his administrator for the payment of debts and for distribution. If the action had been instituted by John L. Harris for his part of the personal estate, the administrator could have compelled him to account for the amount of this note; and if so, the creditors' recovery cannot be for any greater sum. He stands in the place of John L. Harris when he seeks to coerce payment of the administrator, and his recovery is limited as John Harris's would be if he were plaintiff instead of the creditor. This, however, is not the case with reference to his in-

terest in the real estate of the decedent. The administrator was vested with no title to the land, nor did he have any lien upon it for the payment of debts. He had no more control over the land than a mere stranger, and with debts in his hands against John L. Harris, must enforce the payment of his claim when he seeks to subject the real estate, like any other creditor.

If John L. Harris had sought a division of the land, it would be no answer to his claim that he owed the administrator of the intestate this note, and must first pay it off before his right to the land accrued. The title to the personal estate is in the administrator, and the title to the land at the death of the brother vested in his heirs, John L. Harris being one of them. This interest of John L. Harris in the land was as much liable for his debts as if he had purchased it of his brother and obtained the legal title. His title to this extent was complete, and not encumbered, so far as this record shows, by any lien when his creditors sought to make it subject to his debts. The appellants had acquired liens by the levy of their attachments and executions. There seems to be no contest between the creditors as to their rights as between each other by reason of the levies. The case should have gone to the commissioner to ascertain the amount of the personal estate going to John L. Harris. If he has any interest in this fund (the personalty), after charging him with what he owes the estate, it must go to pay his debts. If there is no personal estate, or not a sufficient sum going to John Harris to pay the claims of the creditors who have obtained these liens, the court will proceed to sell the interest of John Harris in the lands levied on to satisfy the creditors, the attachments or executions first levied being entitled to priority. The judgment of the court below is *reversed* and cause remanded for further proceedings consistent with this opinion.

*W. R. Thompson, for appellants.   R. H. Field, for appellee.*